UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KENNETH McDERMOTT, )
)
    Petitioner, )
)
v. ) Nos.: 3:04-cr-030
)       3:10-cv-385
) *Judge Phillips*
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Kenneth McDermott ("petitioner"). The government has filed its response to the § 2255 motion and petitioner has filed his reply to that response. For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to obstructing, delaying, and affecting interstate commerce by robbery and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c)(1), respectively. By amended judgment entered September 28, 2006, following a remand for resentencing on the basis of *United States v. Booker*, 543 U.S. 220 (2005), he was sentenced as a career offender to consecutive prison terms of 178 months and 84 months, respectively, for a total term of imprisonment of 262 months. [Criminal Action No. 3:04-cr-30, Doc. 36, Amended Judgment].

Petitioner's convictions and sentence were affirmed on direct appeal. *United States v. McDermott*, No. 06-6281 (6th Cir. Oct. 4, 2007) [Doc. 40, Order], *cert. denied*, 552 S. Ct. 1217 (2008). Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). The Supreme Court denied petitioner's petition for writ of certiorari on February 19, 2008, and his conviction became final on that date. Accordingly, petitioner had until February 19, 2009, within which to file his § 2255 motion. The Court received petitioner's § 2255 motion on August 30, 2010; it bears a signature date of August 24, 2010.

Petitioner acknowledges that his § 22 motion was not timely filed, but contends that he is entitled to equitable tolling of the statute of limitation. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland*'s two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

2

Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted).

Petitioner alleges that he is entitled to equitable tolling because he did not learn the petition for writ of certiorari had been denied until more than a year after the deadline for filing a § 2255 motion had passed. Petitioner has submitted the affidavit of his appointed counsel, Kim Tollison, who testifies as follows:

> 1. I am an Assistant Federal Community Defender for the Eastern District of Tennessee, in Knoxville, Tennessee.
>
> 2. I was appointed by the United States District Court for the Eastern District of Tennessee to represent Kenneth Leon McDermott.
>
> 3. On January 15, 2008, I filed a Petition for Writ of Certiorari on behalf of Mr. McDermott with the United States Supreme Court. The case number is 07-8632.
>
> 4. This Petition was denied on February 19, 2008.
>
> 5. After researching Mr. McDermott's case file, I can find no record of sending the Supreme Court's decision to Mr. McDermott. This was an oversight on my part.
>
> 6. I have mailed Mr. McDermott documentation showing that his case was denied on February, 2008 [sic]. This notification to Mr. McDermott was, however, not sent until February, 2010.

[Doc. 44, Motion to Vacate, Exhibit 3, Affidavit of Kim A. Tollison dated February 3, 2010].

Petitioner has also submitted the affidavit of his girlfriend, who testifies that she first learned that the petition for writ of certiorari was denied in 2008, after calling Mr. Tollison's office in January of 2010; she "immediately relayed this information to [petitioner]." [*Id.*, Exhibit 2, Affidavit of Cynethia Sims dated July 6, 2010]. In his own affidavit, petitioner

3

states that had he known his petition for writ of certiorari had denied in 2008, he would have filed his § 2255 motion "well within the 1-year time period from that denial." [*Id.*, Exhibit 1, Affidavit of Kenneth McDermott].

Obviously, petitioner was aware that a petition for writ of certiorari had been filed with the Supreme Court on his behalf. It was incumbent upon him to determine within a reasonable time whether the petition had been granted or denied. A simple request to this court for a copy of the docket sheet would have alerted him to that fact. It was not reasonable for petitioner to wait almost two years before learning that the petition had been denied. *See Winkfield v. Bagley*, 66 Fed.Appx. 578, 583-584 (6th Cir. May 28, 2003) (reliance on counsel does not toll the statute of limitations where the petitioner "has 'failed in his duty to monitor the status of his appeal'") (quoting *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. September 21, 2001)); *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir.2002) (generally, "a lawyer's mistake is not a valid basis for equitable tolling"). In addition, although petitioner states he would have timely filed his § 2255 motion had he learned that his petition for writ of certiorari had been denied in 2008, he waited more than six months after learning of that denial to file the pending § 2255 motion.

The Court finds that petitioner did not diligently pursue his rights. In addition, counsel's failure to timely inform petitioner that the petition for writ of certiorari had been denied was not an extraordinary circumstance that prevented his timely filing a § 2255 motion.

4

Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'") (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
United States District Judge